UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**TRENTON JOSEPH ORE,**

        Petitioner,

v.                                              Civil Action No. 2:17-cv-618

**HAROLD W. CLARKE, Director,**
**Virginia Department of Corrections,**

        Respondent.

## AMENDED REPORT AND RECOMMENDATION

This matter is before the Court on *pro se* Petitioner Trenton Joseph Ore's ("Petitioner") Amended Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, ECF No. 7 ("the Petition"), and the Respondent's Motion to Dismiss, ECF No. 13. The Motion was referred for disposition to the undersigned United States Magistrate Judge ("the undersigned") pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. For the following reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 13, be **GRANTED**, and the Petition, ECF No. 7, be **DISMISSED with PREJUDICE**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is current serving a forty-seven-year sentence for a conviction of two counts of attempted robbery, two counts of malicious wounding, conspiracy to commit robbery, and three counts of use of a firearm in the commission of a felony. ECF Nos. 7 at 1; 15 at 1; *Ore v. Commonwealth*, No. 0621-15-1 (Va. App. Sept. 18, 2015) (per curiam). Petitioner's sentence is

1

being served concurrently in the Virginia Department of Corrections ("VDOC") pursuant to a final judgment of the Circuit Court for the City of Norfolk, Virginia ("Trial Court") entered on April 3, 2015, following a trial by jury. ECF Nos. 7 at 2; 15 at 1. According to the factual findings of the Court of Appeals of Virginia, Petitioner's conviction arises out of the following factual background:

> At approximately 11:00 p.m. on April 12, 2013, John Bell and Eric Amlet were visiting Magin Porter and her boyfriend, Corey Todd, in the couple's apartment. They heard a knock at the door, and upon Amlet opening the door, [Petitioner] and Joven Covington entered the apartment armed with guns. None of the occupants of the apartment had seen the two intruders previously.
>
> [Petitioner] and Covington raised their guns, and [Petitioner] asked them "who did tattoos." When Porter answered she did, [Petitioner] pointed his gun at her face and demanded, "Give it up, bitch." Upon seeing his girlfriend threatened, Todd "jumped on" [Petitioner], and the two men struggled. Porter saw a flash of light and heard "three or four" gunshots. Todd, joined by Amlet, continued to fight with [Petitioner] and Covington on the floor, while Porter attempted to strike [Petitioner] with an empty vodka bottle.
>
> Shortly after Porter swung the bottle, she noticed Covington had left the apartment and was standing outside in the hall. [Petitioner] yelled to Covington to come back and "get" him. Covington fired his gun into the apartment, striking Bell in the shoulder, and left with [Petitioner].
>
> Todd sustained two gunshot wounds during his struggle with [Petitioner] and Covington. One bullet grazed his head, while the other penetrated his abdomen. Todd told Porter one of his assailants was injured.
>
> Porter called 911 and reported that one of the men was wearing a black and white striped shirt. She also noted she had scratched one of them during the fray.
>
> A few hours later, police arrested [Petitioner] and Covington at a nearby hospital, where they were seeking medical assistance. Covington had a scratch on his left shoulder. [Petitioner] had a gunshot wound to his hand and a broken finger, and was wearing a blue and white striped shirt.
>
> Porter, Todd, and Bell testified at trial.

*Ore v. Commonwealth*, No. 0621-15-1, slip op. at 2 (Va. App. Sept. 18, 2015).

2

Petitioner timely appealed to the Court of Appeals of Virginia, alleging the Trial Court erred when it denied Petitioner's motion to strike because no rational trier of fact could conclude that Petitioner was guilty since the witnesses had widely varying stories including: (1) whether mind-altering substances were used, (2) whether there were additional firearms in the house, (3) who was involved in the skirmish with the perpetrators, and (4) the fact that there was no evidence that identified Petitioner as being present at the scene of the crime other than poor witness identification. Def.'s Pet. for Appeal at 3, *Ore v. Commonwealth*, No. 0621-15-1. The Court of Appeals of Virginia denied the petition for appeal on September 18, 2015. ECF Nos. 7 at 2; 15 at 2. The Court of Appeals reasoned that "[w]hatever inconsistencies were present in the victims' testimony, the evidence was undisputed that [Petitioner] was a participant in the crime." *Ore*, No. 0621-15-1 at 4. Petitioner then appealed to the Supreme Court of Virginia alleging the same assignment of error and the Supreme Court refused the petition for appeal on March 28, 2016. ECF Nos. 7 at 2; 15 at 2; *Ore v. Commonwealth*, No. 151469, slip op. (Va. Mar. 28, 2016). Petitioner has not filed a habeas petition in state court. ECF No. 7 at 3 (responding "No" to the question of "Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?").

On November 29, 2017, Petitioner conditionally filed a petition for federal habeas relief. ECF No. 1. Subsequently, on March 2, 2018, Petitioner filed an Amended *pro se* Section 2254 Petition ("the Petition") for federal habeas relief, ECF No. 7, wherein he raised the following two claims:

> (1) Trial counsel was ineffective, in violation of the Sixth Amendment, when she failed to "bring the actual shooter to court to tell the truth that I was not involved";
>
> (2) Prosecutorial misconduct, in violation of the Fourteenth Amendment, when the Prosecutor told witnesses to say that Petitioner was the shooter.

3

ECF No. 7 at 5, 7. In the Petition, Petitioner acknowledges his failure to present these claims before the state court either on direct appeal or via a state habeas petition. *Id.* Petitioner stated the reason he failed to exhaust his state remedies on his two instant claims was because "[i]t was past the one year time frame for me to file" and "facts did come into my knowledge after the 1 year statute of limitation. I raised an actual innocence exception." *Id.*

On October 25, 2018, Respondent filed a Motion to Dismiss, a Rule 5 Answer, a Brief in Support of the Motion to Dismiss, and *Roseboro* Notice. ECF Nos. 13-16. Petitioner did not file a response and the time to do so has expired. Therefore, the instant Petition and Motion to Dismiss are ripe for recommended disposition.

## II. ANALYSIS

### A. Statute of Limitations

Before the Court can consider the merits of a Petitioner's claim it must ensure Petitioner has complied with procedural requirements for federal habeas review. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation within which a petition for writ of habeas corpus must be filed by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d) provides:

> 1. A 1-year period of limitation shall apply to any application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

4

>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> 2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Thus, the latest applicable date on which the statute of limitations could have begun to run was June 27, 2016, the day after which the ninety days within which Petitioner could have appealed to the Supreme Court of the United States had expired and the Supreme Court of Virginia's decision became final.[1] Thus, Petitioner would have been required to file the instant petition on or before June 27, 2017. Petitioner filed his original federal habeas petition on November 29, 2017, which is untimely under the AEDPA. *See* ECF No. 1.

B. Exhaustion and Procedural Default

Before considering the merits of a federal habeas petition, the preliminary inquiry must be whether Petitioner appropriately exhausted the claims asserted in the Petition, and/or whether Petitioner has procedurally defaulted on his claims such that these claims are simultaneously exhausted and defaulted for purposes of federal habeas review.

*1. Exhaustion*

Section 2254 allows a prisoner held in state custody to challenge his detention on the ground that his custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A state prisoner, however, must exhaust his available state remedies or

---

[1] The Court finds 28 U.S.C. § 2244(d)(1)(D) inapplicable because Petitioner stated that, had diligence been done at the trial level, the evidence upon which he relies for his actual innocence claim could have been discovered. ECF No. 1 at 9 ("The affidavit information [of Covington] was available at trial but not developed into testimony").

5

demonstrate the absence or ineffectiveness of such remedies before petitioning for federal habeas relief to give "state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). Importantly, "[t]he burden of proving that a claim is exhausted lies with the habeas petitioner." *Id.* at 618. The exhaustion requirement is satisfied if the prisoner seeks review of his claim in the highest state court with jurisdiction to consider it through either direct appeal or post-conviction proceedings, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999), and the "essential legal theories and factual allegations advanced in the federal court [are] the same as those advanced at least once to the highest state court," *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), *aff'd in Pruett v. Thompson*, 996 F.2d 1560 (4th Cir. 1993). "Thus, a petitioner convicted in Virginia first must have presented the same factual and legal claims raised in his federal habeas corpus application to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition." *Moody v. Dir., Va. Dep't of Corr.*, No. 1:14cv1581, 2016 WL 927184, at *3 (E.D. Va. Mar. 3, 2016), *appeal dismissed*, 669 F. App'x 160 (4th Cir. 2016) (citing *Duncan v. Henry*, 513 U.S. 364 (1995)).

### 2. Procedural Default

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard*, 134 F.3d at 619. As the Fourth Circuit has explained, the procedural default doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* at 619 (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)); *see also Hedrick v. True*, 443 F.3d 342, 359 (4th Cir. 2006) ("A

federal claim is deemed procedurally defaulted where 'a state court has declined to consider the claim's merits on the basis of an adequate and independent state procedural rule.' . . . A federal court cannot review a procedurally defaulted claim unless the prisoner can demonstrate cause and prejudice for the default or a fundamental miscarriage of justice." (internal citations omitted) (quoting *Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998)). As the Supreme Court recently observed, "[t]he procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine." *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) (citing *McCleskey v. Zant*, 499 U.S. 467, 493 (1991)).

Additionally, a petitioner seeking federal habeas relief also procedurally defaults his claims when he "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Breard*, 134 F.3d at 619 (quoting *Coleman*, 501 U.S. at 735 n.1). When considering a petition for federal habeas corpus, § 2254(d) mandates that a state court's finding of procedural default be presumed correct, provided that the state court relied explicitly on procedural grounds to deny petitioner relief and that the procedural rule relied on is an independent and adequate state ground for denying relief. *See Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (explaining that "an adequate and independent state procedural bar to the entertainment of constitutional claims must have been 'firmly established and regularly followed' by the time as of which it is to be applied") (citing *James v. Kentucky*, 466 U.S. 341, 348-51 (1984)).

### 3. Petitioner's Claims are Both Exhausted and Procedurally Defaulted

Petitioner concedes in his Petition that he failed to exhaust his instant claims and the time to do so has expired. ECF No. 7 at 5, 7. Respondent agrees and argues that Petitioner's claims

7

are simultaneously exhausted and procedurally defaulted because Petitioner failed to exhaust available state court remedies and the time for doing so has expired. ECF No. 15 at 3.

As Respondent correctly notes, if Petitioner sought habeas relief in state court now it would be untimely and would be both exhausted and procedurally defaulted. *Id.* The statute of limitations for a Virginia state habeas petition requires that a prisoner file a state habeas petition "within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later. *See* Va. Code § 8.01-654(A)(2). Petitioner had two years after the Trial Court entered its final judgment on April 3, 2015, meaning that Petitioner could have filed his state habeas petition on or before April 3, 2017, or one year after the date that concluded his direct appeal before the Supreme Court of Virginia on March 28, 2016, meaning that Petitioner could file his state habeas petition on or before March 28, 2017. The later of these two dates controls the limitations period that applies in Petitioner's case, so Petitioner would have had until April 3, 2017, to file his state habeas petition. However, as Petitioner admits, he failed to file a state habeas petition and the time to do so has expired. ECF No. 7 at 5, 7. Thus Petitioner's claims are both exhausted and procedurally defaulted.

C. Petitioner's Procedural Default is Not Excusable

Despite the apparent agreement by the parties that Petitioner's claims were not exhausted in state court and cannot now be timely filed and the Court's determination that Petitioner is untimely under AEDPA, which governs the statute of limitations for federal habeas relief,[2]

---

[2] Failing to file within the AEDPA's statute of limitations may be excused under the doctrine of equitable tolling. However, Petitioner has not sought equitable tolling of the statute of limitations that applies to his case under AEDPA. Even if he had, equitable tolling under AEDPA is not available to Petitioner as he has failed to put forth any evidence of diligence and extraordinary circumstances. *See McQuiggins v. Perkins*, 569 U.S. 383, 391 (2013) (Noting that a "petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing" (internal quotation marks omitted) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

Petitioner argued in his Petition that the Court should excuse his procedural shortcomings because of his alleged actual innocence. ECF No. 7 at 5. To evidence his actual innocence, Petitioner puts forth a July 21, 2016 Affidavit of his co-defendant, Jovan Covington. *See* ECF No. 1 at 17. Covington's affidavit essentially states that he attempted to rob Todd, Dell, and Amlet on April 13, 2013. *Id.* Petitioner believed he and Covington were going to buy some weed from the victims. *Id.* However, upon realizing that Covington instead intended to rob them, Petitioner tried to stop him. *Id.* Covington shot Petitioner when he tried to take away Covington's gun. *Id.* Covington pled guilty, is serving time in prison for this crime, and takes sole responsibility for the robbery. *Id.*

Notably, freestanding claims of actual innocence are not cognizable on federal habeas review. *Herrera v. Collins*, 506 U.S. 390, 401 (1993). "[A] petitioner may nonetheless overcome procedural default, and have his claims addressed on the merits, by showing either cause and prejudice for the default, or that a miscarriage of justice would result from the lack of such review." *Sparrow*, 439 F. Supp. 2d at 588 (citing *Coleman*, 501 U.S. at 750; *Savino*, 82 F.3d at 602). A claim of actual innocence is "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Schlup v. Delo*, 513 U.S. 298 (1995) (quoting *Herrera*, 506 U.S. at 404) (quotation marks omitted); *see also McGuiggin v. Perkins*, 569 U.S. 383, 386-87 (2013) (permitting a claim of actual innocence to also excuse procedural failures under the AEDPA). "[I]n order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence." *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999). This "exception only applies in limited circumstances: 'The petitioner must show that it is more likely than not that no reasonable juror would have convicted

him in light of the new evidence.'" *United States v. Jones*, 750 F.3d 579, 584 (4th Cir. 2014) (quoting *Schulp*, 513 U.S. at 327). To state such a claim, "the petitioner must satisfy a 'rigorous' burden by 'support[ing] his allegations of constitutional error with new reliable evidence.'" *Smith v. Warden*, Case No. 7:17CV00072, 2018 U.S. Dist. LEXIS 106192, at *4 (W.D. Va. June 26, 2018) (alteration in original) (quoting *Schulp*, 513 U.S. at 324).

As a means to excuse Petitioner's procedural deficits, Petitioner's claim of actual innocence faces several problems. First, it does not appear that the evidence Petitioner now presents, an affidavit from his co-defendant, Joven Covington, is "new" as Petitioner himself admits that "[t]he affidavit information [from Covington] was available at trial but not developed into testimony." ECF No. 1 at 9. Second, even if this evidence was "new," standing alone this evidence is not adequate to show that, had it been presented at trial, no reasonable juror would have convicted Petitioner. *See Schulp*, 513 U.S. at 327. In *McQuiggins*, the Supreme Court discussed the extremely high burden a prisoner must satisfy in order to meet the actual innocence threshold. The Supreme Court noted "the *Schulp* standard is demanding. The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free nonharmless constitutional error.'" 569 U.S. at 401 (quoting *Schulp*, 513 U.S. at 316).

The evidence in Petitioner's case, as summarized by the Virginia Court of Appeals, is that Petitioner took specific action that implicates him as a willing participant in the robbery of April 12, 2015, namely that: "[Petitioner] . . . entered the apartment armed with guns;" "[Petitioner] pointed his gun at [Porter's] face and demanded, 'Give it up, bitch;'" and Petitioner was attacked by Todd as a result of his threatening Porter. *Ore v. Commonwealth*, No. 0621-15-1, slip op. at 2 (Va. App. Sept. 18, 2015). Further, in response to Petitioner's appeal that the

evidence was insufficient to convict him, the Court of Appeals reasoned that "[w]hatever inconsistencies were present in the victims' testimony, the evidence was undisputed that [Petitioner] was a participant in the crime." *Ore*, No. 0621-15-1, slip op. at 4. If Covington's Affidavit information were available to the jury in Petitioner's case, the jury would have to make a credibility finding and determine who was believable: the victims or Petitioner's co-defendant. A reasonable jury could find that Covington lacked credibility in the face of contradictory evidence of the victims about Petitioner's role and participation in the robbery. Further, at least with respect to the AEDPA statute of limitations, "unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing [of actual innocence]." *McQuiggins*, 569 U.S. at 399. The Court is puzzled by the fact that—by his own admission—Petitioner had this evidence available to him at trial in 2015 but did not pursue it at that time or even indicate its existence until he filed his federal habeas petition on November 29, 2017. Equally puzzling to the Court is the significant and unexplained length of time between the date the Affidavit was signed and notarized (July 21, 2016) and the date Petitioner sought habeas relief (November 29, 2017).[3] ECF No. 1. Petitioner has not given any specific reason for his delay and the Court considers Petitioner's unjustified delay in determining "whether [Petitioner] has made a sufficient showing of innocence." *McQuiggins*, 569 U.S. at 399 (internal quotation marks omitted). The Court **FINDS** that Petitioner has failed to make a substantial showing of actual innocence such that it would excuse Petitioner's multiple procedural shortcomings. Therefore, the Court **FINDS** Petitioner's claims are procedurally defaulted and time barred.

---

[3] Notably, at the time Covington signed the Affidavit Petitioner was well within the limitations period to seek both state and federal habeas review as discussed *supra*.

## III. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 13, be **GRANTED**, and the Petition, ECF No. 7, be **DENIED AND DISMISSED WITH PREJUDICE.**

## IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Petitioner is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a) plus three days permitted by Federal Rule of Civil Procedure Rule 6(d). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to Petitioner and counsel of record for the Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
April 25, 2019

13